UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MCCLURE,

    Plaintiff,

v.

    Civil Case No. 17-13106
    Honorable Linda V. Parker

ANDREW LEAFE, JAMES
MACKIN, CHRISTOPHER
SMITH, AND CURAYTOR LLC,

    Defendants.
_____/

## OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION (ECF NO. 35) AND (2) DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION (ECF NO. 36)

This lawsuit arises from conduct related to several contractual agreements, two mergers, and Defendants' cash offer to Plaintiff, who at one point held a 10 percent membership interest in Defendant company, Curaytor LLC. In an Opinion and Order entered on September 27, 2018, this Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 31.) Presently before the Court are two motions for reconsideration of the Court's Opinion and Order, one filed by Plaintiff and the other by Defendants on October 11, 2018. (ECF Nos. 35, 36). For the reasons that follow, the Court denies both motions.

1

Legal Framework

Local Rule 7.1 provides the following standard of review for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Plaintiff's Motion

Plaintiff seeks reconsideration of the Court's dismissal of Count VIII (Breach of Fiduciary Duties – Michigan Law), Count X (Violation of MCL § 450.4515 – Michigan Law: Oppression of Minority Member), Count IX (Breach

of Fiduciary Duties – Delaware Law), and Count III (Breach of Contract – Michigan Law: Unlawful Merger of Frugyl into Curaytor Delaware).  Although electing not to address in detail the arguments made in Plaintiff's motion for reconsideration,[1] the Court fully reviewed the arguments and finds that they do not demonstrate palpable defects in the Court's Opinion and Order.  Rather—to be plain—Plaintiff's motion amounts to a patchy tapestry of old arguments, new theories, and mere disagreements with the Court's conclusions.  For the reasons stated in its September 27, 2018 Opinion and Order, the Court denies Plaintiff's motion for reconsideration with respect to the counts at issue—specifically, Counts III, VIII, IX, and X.

Plaintiff alternatively requests leave to amend if the Court finds the facts of these claims were not sufficiently pled.  (ECF No. 35 at Pg. ID 785.)  Because amendment would be futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court denies Plaintiff's request.

Defendants' Motion

---

[1] Regarding the conduct alleged under Count X, (ECF No. 12 at Pg. ID 254-57), as previously noted by this Court and contrary to Plaintiff's arguments, (ECF No. 35 at Pg. ID 769-73), MCL § 450.4515 does not govern conduct related to the "buyout offer" or the Curaytor LLC Amended and Restated Limited Liability Company Agreement ("New Operating Agreement").  (ECF No. 31 at Pg. ID 730-32.)  Even assuming *arguendo* that the remaining conduct occurred on or before the October 31, 2014 merger, these causes of action fall within the three-year statute of limitations and are thus time-barred.

Defendants seek reconsideration of the Court's decision not to dismiss Count II (Breach of Contract – Delaware Law: Dilution of McClure's Ownership Interest) of Plaintiff's First Amended Complaint. The Court declined to dismiss the count because, accepting as true Plaintiff's allegations that Curaytor LLC (i) withheld distributions; (ii) withheld tax and financial documents; and (iii) undervalued his membership interest, Plaintiff sufficiently made out plausible claims for breach of the New Operating Agreement. (ECF No. 31 at Pg. ID 738.)

Defendants argue that the Court's decision contains a palpable defect because "Plaintiff did not identify a specific provision of the New Operating Agreement that was breached by Defendants' supposed failure to pay him what he considers fair value." (ECF No. 36 at Pg. ID 793.) Here, Defendants restate an argument made in their Motion to Dismiss—specifically, that "Plaintiff identifies no provision of the Curaytor Agreement that required Defendants to offer a particular value, or follow any particular process or methodology in connection with the conversion of his interest to cash." (ECF No. 16 at Pg. ID 319.) For the reasons stated in its September 27, 2018 Opinion and Order, the Court did not err.

Nonetheless, the Court will take this opportunity to clarify its findings regarding Count II below. Though Defendants correctly state that "Delaware law requires that a plaintiff identify an express contract provision that the defendant breached to state a claim for breach of contract," (ECF No. 36 at Pg. ID 800

4

(quoting *Fundingsland v. OMH Healthedge Holdings, Inc.*, 329 F. Supp. 3d 1123, 1135 (S.D. Cal. 2018))), Defendants incorrectly state that Plaintiff failed to do so.

When evaluating Plaintiff's claims, the Court construes the pleadings "so as to do justice," *Stoudemire v. Michigan Dep't of Corr.*, 705 F.3d 560, 570 (6th Cir. 2013) (quoting Fed. R. Civ. P. 8(e)), and does "not rely solely on labels in [Plaintiff's] complaint, but . . . probe[s] deeper and examine[s] the substance of the complaint," *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001). Indeed, "the fundamental tenor of the Rules is one of liberality rather than technicality," *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000), and "the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states." *United States v. Louisville & Nashville R. Co.*, 221 F.2d 698, 701 (6th Cir. 1955).[2]

---

[2] However, given the imprecise nature of portions of the First Amended Complaint (i.e., describing remedies as causes of actions and detailing elements of a single claim in different sections of the pleadings), the Court must note that it is not its role to sort through pages of pleadings to speculate as to the specific claims Plaintiff asserts. *See* Wright & Miller § 1281 at 709 ("A party should seek to frame his allegations as directly as possible; redundancy and verbosity are to be strictly avoided. Unnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage. . . . [W]hen the violation of Rule 8(d)(1) is such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading, the court often will take the more expedient path of striking the entire pleading and granting leave to replead.").

The pleadings, when reviewed generously and as a whole, state and provide fair notice of a claim for breach of the implied covenant of good faith and fair dealing. Specifically, in Paragraph 197, Plaintiff contends that § 3.8 "specifically requires," among other duties, Defendants' "general obligation to honor the implied contractual covenant of good faith and fair dealing." (ECF No. 12 at Pg. ID 250-51.) In full, § 3.8 states that "this [s]ection does not limit or eliminate the implied contractual covenant of good faith and fair dealing or liability for any act or omission that constitutes a bad faith violation of such implied contractual covenant." (ECF No. 36, Ex. A at 5.) Notably, Defendants themselves discuss this specific contractual provision in their Motion to Dismiss, (ECF No. 16 at Pg. ID 323), as well as the alleged inapplicability of the implied covenant in this case. (*Id*. at 319-20, 320 n.8; *see also* ECF No. 22 at Pg. ID 611-12, 616-17.) Of course, whether the Court considers this claim as breach of an express provision of the contract or as a breach of the implied covenant of good faith and fair dealing, the analysis is the same.

"[T]o state a claim for breach of the implied covenant, [Plaintiff] 'must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff.'" *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009) (quoting *Fitzgerald v. Cantor*, 1998 WL 842316, at *1 (Del. Ch. Nov. 10, 1998)). Delaware courts "recognize[] the

occasional necessity of implying contract terms to ensure the parties' reasonable expectations are fulfilled," *Wal–Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 116 (Del. 2006) (quoting *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005)), and "will only imply contract terms when the party asserting the implied covenant proves that the other party has acted arbitrarily or unreasonably, thereby frustrating the fruits of the bargain that the asserting party expected," *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010). A party is liable for breaching the implied covenant of good faith and fair dealing when the party's conduct is such that it frustrates the general purpose of the contract "by taking advantage of [its] position to control implementation of the [contract's] terms." *Dunlap*, 878 A.2d at 442.

A close analysis of the statements alleged by Plaintiff in his First Amended Complaint indicates the presence of these required elements, wherein Defendants, who hired an appraiser—who used his or her own methodology—to determine the fair value of Plaintiff's interest, (ECF No. 16 at Pg. ID 319), committed "errors and/or omissions, . . . all of which severely drove down the alleged value of Curaytor." (ECF No. 12 at Pg. ID 231.) Plaintiff alleges that these errors and/or omissions include:

- "Valuing the company on a 'cash free' basis, giving no weight or value to the $2 [m]illion in cash on the company's books . . . .";

7

- "Valuing the company as if that cash is not available for use in the normal course of business, which is improper . . . .";

- "Using a 'risk premium' of 35 percent, which is totally improper . . . .";

- "Applying an unusually harsh and punitive discount to represent the minority/non-voting character of Plaintiff's interest . . . ."; and

- "Using unrealistically conservative grown projections . . . ."

(*Id.* at 231-32.) Plaintiff contends that he will be able to demonstrate, "once all of the facts are taken into account, [his] interest is worth several millions of dollars"—not $664,000. (*Id.* at 232-33.)

Though Defendants argue that "there is no 'gap' to fill" in the New Operating Agreement because "Plaintiff's claims are foreclosed by the plain language of the agreement," (ECF No. 22 at Pg. ID 616-17), Defendants further state that the language governing "Involuntary Sales Under Certain Events"—which references "Fair Market Value"—*does not* apply to this case but nonetheless "*sugget[s]* that the process followed here was [not] unfair or not in good faith," (ECF No. 16 at Pg. ID 320 n.8 (emphasis added)). This argument in fact suggests that a gap does exist: no provision in the New Operating Agreement expressly states that the parties agree to be tied to the appraiser's valuation methodology, much less any methodology, in the cash conversion context, and it is not clear to the Court that this issue was ever on the bargaining table. *See Winshall v. Viacom*

*Int'l Inc.*, 76 A.3d 808, 816 (Del. 2013) (quoting *Aspen Advisors LLC v. United Artists Theatre Co.*, 861 A.2d 1251, 1260 (Del. 2004)) ("The implied covenant of good faith and fair dealing cannot properly be applied to give the plaintiffs contractual protections that 'they failed to secure for themselves at the bargaining table.'") This gap leaves open the possibility (even if slight) that Defendants could unfairly or unreasonably value Plaintiff's interest. Drawing all inferences in Plaintiff's favor, the facts alleged give rise to a plausible inference that the parties would have agreed to impose a specific valuation methodology requirement had they considered the issue. *See Gerber v. Enter. Prods. Holdings, LLC*, 67 A.3d 400, 418 (Del. 2013), *overruled on other grounds by Winshall*, 76 A.3d 808 ("Under Delaware law, a court confronting an implied covenant claim asks whether it is clear from what was expressly agreed upon that the parties who negotiated the express terms of the contract would have agreed to proscribe the act later complained of as a breach of the implied covenant of good faith—had they thought to negotiate with respect to that matter.")

Thus, at this early stage of the litigation and under the forgiving standard of review set forth in Fed. R. Civ. P. 12(b)(6), pursuant to which the Court must take Plaintiff's allegations as true and view all reasonable inferences in Plaintiff's favor, the Court remains unpersuaded that Plaintiff fails to state a plausible claim for breach of contract (§ 3.8)—or breach of the implied covenant—based on

9

Defendants' alleged undervaluing of Plaintiff's interest. Because Defendants fail to demonstrate palpable defects the correction of which would result in a different disposition of the case,[3] the Court denies their motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for reconsideration (ECF No. 36) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 10, 2019

---

[3] Defendants do not challenge the Court's finding as it relates to Defendants' withholding of distributions under Count II. Thus, this finding stands. The Court's finding as it relates to the alleged withholding of tax and financial information stands for the same reason.